Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| JERRY MARBLE, ESTATE OF TONI, MARBLE, CODY WILLIAM MARBLE, and BLAINE MARBLE, | CAUSE NO. CV 05-101-M-LBE |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MISSOULA COUNTY, A Political subdivision of the State of Montana, Dorothy Brownlow, Betty Wing, Andrew Paul, Leslie Halligan, Fred Van Valkenburg, Missoula County Sheriff's Dept., Rob Taylor, Brad Griffin, Mike McMeekin, Missoula County Public Defender's Office, Margaret Borg, Kathleen Foley, William Boggs, Paulette Ferguson, Missoula County Youth Court, Mike McLean, Glen Welch, Terry White, Murray Pierce, Missoula Pre-Trial Supervision, Ray Reiser and Swan Valley Youth Academy, and John Doe-1, John Doe-II, John Doe-III, John Doe-IV, John Doe-V, John Doe-VI, John Doe-VII, John Doe-IX, John Doe-X, | |
| Defendants. | |

_____

This matter comes before the Court on the Motion of all

Defendants except Swan Valley Youth Academy, and the various John

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

Doe Defendants, to Dismiss.  It does not appear from the court file that Swan Valley Youth Academy has been served, at least there is no return of service filed if it has. It does not even appear that a summons was issued.

Plaintiffs[1] bring this action under 42 U.S.C. § 1983 seeking relief from alleged violations of the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.  The Court has reviewed Defendants' Motion to Dismiss, Plaintiffs' Response, Plaintiffs' Complaint filed June 8, 2005, the case file and applicable law.  This Court, being fully informed, enters the following:

## RECOMMENDATION

The named Defendants' Motion to Dismiss should be **GRANTED**. All claims brought by Plaintiff Jerry Marble on his own behalf and on behalf of the estate of Toni Marble should be **DISMISSED with prejudice**.

The Estate of Toni Marble, Cody Marble and Blaine Marble have not appeared before this Court in this action and the claims asserted by Jerry Marble purportedly acting on behalf of those Plaintiffs should therefore be **DISMISSED without prejudice.**

---

[1] The court uses the term "Plaintiffs" advisedly, considering that to date the only plaintiff who has signed the pleading is Jerry Marble and he is not an attorney and is appearing pro se. As discussed hereafter, there is no reason to believe the other "plaintiffs" are actually parties to this action.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

Finally, the claims against Swan Valley Youth Academy should be dismissed without prejudice for failure to serve it within 120 days of filing the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS ORDERED** that the clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this  31st  day of March, 2006.

      /s/ Leif B. Erickson
      Leif B. Erickson
      U.S. Magistrate Judge

### **RATIONALE**

### I. **PLAINTIFFS' ALLEGATIONS**

Jerry Marble, appearing pro se, filed this Complaint on behalf of himself, and purportedly on behalf of the estate of his deceased wife, Toni Marble, and his sons, Cody and Blaine Marble. As noted, Jerry Marble is the only person who signed the Complaint.

Jerry Marble's Complaint arises from alleged violations of

the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.  The claims are brought under Title 42 U.S.C. § 1983.  (Compl. at ¶ II.)  The Court finds the Complaint alleges in substance as follows:

In April 1999 Defendant Mike McLean, apparently acting in some capacity for Missoula County, sent Cody William Marble to a detention facility in Medical Lake, Washington.  At the time Cody was under the supervision and control of the Missoula Youth Court.  While at the facility Cody contracted meningitis and was hospitalized at Sacred Heart Medical Center in Spokane, Washington.  As a result, Jerry Marble incurred a medical bill of $25,000. Cody was sent to Medical Lake, Washington a second time on July 29, 1999.

Some time in April, 1999, Jerry Marble and Toni Marble's father contacted the Missoula County Attorney's Office and urged attorney Leslie Halligan to commit Toni Marble to long-term in-patient treatment and hospitalization for her own safety.  This request followed Toni's fourth suicide attempt in three years.  No involuntary commitment was ever pursued.  Toni committed suicide by carbon monoxide poisoning on July 29, 1999, the night Cody was taken back to Washington. It is alleged the wrongful detention of Cody in July was the final act which caused Toni to take her life, and had she been hospitalized, as had been requested, carbon monoxide would not have been available to her.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

In March, 2000 Blaine Marble was taken under authority of the Juvenile Court and was sent to a treatment program in Nevada. Blaine never received grief counseling, which had been promised, while he was incarcerated. Jerry Marble, after trying to have the promise of counseling enforced, was restricted from contacting his son. The actions are alleged to have deprived Blaine of his constitutionally guaranteed right to equal protection. As a result he has continued to have problems with the law and the programs could have resolved many, if not all, of his problems.

Jerry Marble alleges these events have resulted in his incurring expenses arising out of the prosecution of his two children, and the death of his wife. He also alleges that he suffers continuing and irreparable emotional, mental and financial loss. He seeks relief in the form of payment of the medical bills incurred as a result of Cody's illness while in Washington, special damages, general damages, and exemplary damages.

## II.  DISCUSSION

Named Defendants move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The Defendants claim numerous defenses as the grounds for their motion as follows:

   A.   Immunity from suit under the legal theories of absolute

>       judicial immunity, quasi-judicial immunity and
>       prosecutorial immunity.  These defenses relate
>       generally to the Missoula County Youth Court, McLean,
>       Welch, White, Pierce, Brownlow, Wing, Paul, Halligan,
>       and Van Valkenburg.
>
> B.    The unspecified claims against the Missoula County
>       Sheriff's Department, Taylor, Giffin, and McKeekin,
>       fail to state a claim upon which relief may be granted.
>
> C.    The Missoula County Public Defender's Office was not
>       acting under color of law while defending the
>       underlying criminal actions.
>
> D.    The Complaint fails to allege facts sufficient to
>       support a claim of conspiracy between the defendants
>       generally.
>
> E.    The claims against Missoula County are insufficient to
>       survive defendants' Motion to Dismiss as the Plaintiffs
>       do not state any policy under which any of the
>       Defendants allegedly acted.
>
> F.    Claims for exemplary damages must be dismissed because
>       governmental entities are immune from exemplary and
>       punitive damages under Montana law.
>
> G.    The Plaintiffs' claims for violation of constitutional
>       rights under 42 U.S.C. § 1983 are barred by the
>       applicable statute of limitations.

The various legal defenses claimed all have some merit. This Court need only focus on the legal defense that the claims alleging violations of constitutional rights under 42 U.S.C. § 1983 are barred by the applicable statute of limitations.

### A.    **Statute of Limitations**

There is no statute of limitations designated within 42 U.S.C. § 1983.  Instead, "[t]he applicable statute of limitations is the forum state's statute of limitations for personal injury

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 6

actions." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

*See also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

> The purpose of a statute of limitations is clear.
>
> A true statute of limitations establishes a time period within which suit must be brought. Its object is to suppress stale and fraudulent claims after the facts concerning them have become obscure from lapse of time, defective memory, or death or removal of witnesses.

*Nelson v. Twin Bridges High School*, 181 Mont. 318, 321 (1979).

> The primary purpose of statutes of limitations is the suppression of stale claims which, with the attendant passage of time, inhibits a party's ability to mount an effective defense. . . . The policy underlying the bar imposed by statutes of limitations is, at its roots, one of basic fairness. . . . The failure to bring an action within a reasonable time is clearly not conducive to a full presentation of the evidence nor a search for the truth. Consequently, the law will not reward the plaintiff who sleeps on his or her rights to the detriment of a defendant.

*Gomez v. State*, 293 Mont. 531, 540 (1999).

Pursuant to *Fink* and *Jones*, supra, in a personal injury action in Montana "the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." Mont. Code. Ann. § 27-2-204(1). In addition, "[t]he period prescribed for the commencement of an action to recover damages for the death of one caused by the wrongful act or neglect of another is within 3 years." Mont. Code. Ann. § 27-2-204(2).

As earlier noted, the claim for medical expenses for Cody arose in 1999, the suicide of Toni Marble, and the second

detention of Cody were in 1999, and the latest prosecution of Blaine occurred in 2000.

This action was filed June 8, 2005.  The three-year statute of limitations would preclude any action arising from incidents prior to June 7, 2002.  Clearly, all claims which Jerry Marble has brought to this Court on his own behalf, arising out of Cody's detentions in 1999, Toni's tragic suicide on July 29, 1999, and Blaine's detention in 2000, are time barred due to the statute of limitations.  In response to Defendants' motion, Jerry Marble simply contends Defendants acts constituting violations of rights are ongoing.  However, he does not specify what those ongoing acts are and, putting the best possible spin on the existing allegations, in what fashion they might conceivably be ongoing.  Accordingly, all of Jerry Marble's claims are time barred and should be dismissed.

### B. Jerry Marble Has No Authority To Bring this Action On Behalf Of The Other Named Plaintiffs

The issue remains as to Jerry Marble's authority to pursue the claims alleged in this action on behalf of the other Plaintiffs named in the caption who have not appeared in this case.  Federal law allows two types of representation in court: that by an attorney admitted to the practice of law by the applicable regulatory body, and that by a person representing himself.  28 U.S.C. § 1654.  "A non-attorney . . . [h]as no

authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.,* 818 F.2d 696, 697 (9th Cir. 1987) (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)). "The statute does not allow for unlicensed laymen to represent anyone else other than themselves." *Turner v. Am. Bar Ass'n*, 407 F.Supp. 451, 477 (D. Ala. 1975). See also, *Hugh v. Laguna Honda Hosp.*, 2000 Dist. LEXIS 10855, 4 ("The unlicensed practice of law is strictly prohibited in California . . . a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law").

> Clearly, the law permits a litigant to proceed *pro se*.
>
> The right to proceed *pro se* in civil actions is guaranteed by 28 U.S.C. § 1654 'In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.' Pursuant to this statute, '[a] litigant in federal court has a right to act as his or her own counsel'.

*Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2nd Cir. 1990)). "[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity." *Pridgen,* at 393.

> We have also held that a layperson may not . . . appear *pro se* on behalf of his or her minor child. These limits on *pro se* representation serve the interests of the represented

party as well as the interests of adversaries in the court.

*Id.* (internal citations omitted).

### 1. Claims on behalf of Estate of Toni Marble

The Second Circuit Court in *Pridgen*, supra, addressed whether an estate could be represented in a civil matter by a *pro se* representative.  The court held after careful consideration that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."  *Id.* at 393.  In making this determination, the court adopted the dissent opinion in *Reshard v. Britt,* 819 F.2d 1573, 1583 (11th Cir. 1987), which reasoned that

> when an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because 'the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome' of the proceedings.

*Id.*  The Court went on to note that the facts of the case did not provide them with an "occasion to decide whether an administratrix or executrix who is the sole beneficiary of an estate without creditors may appear *pro se* on its behalf."  *Id.*  The *Pridgen* decision was cited favorably in *Tilley v. Sacramento Superior Court,* 2005 U.S. Dist. LEXIS 34679, at 13 (estate's action cannot be conducted pro se.).  *See also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) and *Jones v. Corr.*

*Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005).

Jerry Marble states he is the personal representative of the Estate of Toni Marble.  Toni Marble is clearly survived by Jerry Marble and their two children.  However, sufficient information is not available to determine if the children or others are beneficiaries, or if there are creditors to the estate.  On the other hand, Jerry Marble has not established that he is the sole beneficiary, and that there are no creditors.  Absent such showing, the authority discussed above provides that Jerry Marble cannot represent the Estate as a *pro se* representative.  As such the claims on behalf of the Estate of Toni Marble are not properly before this Court and should be dismissed without prejudice.  Assuming that Jerry Marble were the sole heir, and there were no creditors, even then the claims of the estate would still be barred by the 3 year statutes of limitations discussed supra.

### 2.  Claims on behalf of Blaine Marble, a minor, and Cody Marble

In the case of *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997), the court ruled that "a parent or guardian may not bring an action on behalf of a minor child **without retaining a lawyer** (emphasis added)."  See also, *Shevtsov v. Los Angeles Unified Sch. Dist.*, 1998 U.S. App. LEXIS 949, 3.  In

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 11

support of the ruling, the *Johns* court noted two essential reasons for precluding representation of a child by an individual acting *pro se*.  First, the court noted that

> [t]he choice to appear *pro se* is not a true choice for minors who under state law . . . cannot determine their own legal actions.  There is thus no individual choice to proceed *pro se* for the courts to respect[.]

*Johns*, 114 F.3d. at 876.  Second, the Court stated that

> it is not in the interest of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Id.* at 877

This Court finds both the above-stated reasons for precluding *pro se* representation of minors to be controlling in this case.  Jerry Marble alleges that Blaine Marble "is under the age of 18, [and] has not had his disabilities removed."  (Compl. at 2.)  As such, Jerry Marble cannot represent Blaine as his *pro se* representative in this action.

Under the prevailing rules discussed above, Cody Marble, an adult, can be represented in this Court only by an attorney, licensed to practice law, or he can represent himself acting pro se.  Jerry Marble cannot represent Cody as his *pro se* representative in this action.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 12

Based on the foregoing, this ruling leaves Blaine Marble, and Cody Marble without representation, and as such, they are not properly before the Court. Accordingly, their claims should be dismissed without prejudice.

### III. CONCLUSION

As established above, Jerry Marble's claims are barred by the statute of limitations applicable to personal injury suits. Therefore, Jerry Marble has not set forth any claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and this defect in the Complaint cannot be saved by any amendment. Jerry Marble's claims should be dismissed with prejudice.

Additionally, claims presented in this action on behalf of Cody and Blaine Marble, are not properly before the Court because Jerry Marble cannot represent those Plaintiffs. Likewise, Jerry Marble either is without authority to represent the estate of Toni Marble pro se, or, if he has that capacity, the claim is barred by the statutes and should be dismissed with prejudice. The purported claims advanced by Jerry Marble on behalf of Cody and Blaine Marble should be dismissed without prejudice.