FILED
MISSOULA, MT

2006 SEP 20 AM 10 54

PATRICK E. DUFFY
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JERRY MARBLE, ESTATE OF TONI MARBLE, CODY WILLIAM MARBLE, and BLAINE MARBLE, | ) ) ) ) | CV 05-101-M-LBE |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| MISSOULA COUNTY, a political subdivision of the State of Montana, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

United States Magistrate Judge Leif B. Erickson entered his Findings and Recommendation in this matter on March 31, 2006. Plaintiffs Marbles have not timely objected and therefore they are not entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2006). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v.*

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Upon review of the Findings and Recommendation I concur with Judge Erickson. The Parties are familiar with the procedural and factual background so they will not be restated except as necessary.

Plaintiff Jerry Marble, appearing *pro se*, filed this suit on behalf of himself, and purportedly on behalf of the Estate of Toni Marble, his deceased wife, as well as his sons, Cody Marble and Blaine Marble (a minor). Marble's claims are based under 42 U.S.C. section 1983 alleging violations of the Fourth, Sixth, and Fourteenth Amendments.

Defendants have moved to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants have set forth numerous points that they claim merit dismissal, but as Judge Erickson observed the dispositive issue is the statute of limitations. The statute of limitations for section 1983 claims are based upon the forum state's statute of limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In Montana the statute of limitations for "an action upon a liability not founded upon an instrument in writing is within 3 years." Mont. Code Ann. § 27-2-204(1) (2005). Actions filed with claims based upon wrongful death or neglect have a three statute of limitation as well. Mont. Code Ann. § 27-2-204(2). Marble did not file his complaint within three years.

Marble failed to file the Complaint in time because the events supporting Marble's claims occurred in 1999 and 2000 and he filed the action on June 8, 2005. Judge Erickson noted that Marble alleges there are ongoing violations, but as the Judge concluded, even viewed in the best light, Marble has not set forth what those acts are and how they are ongoing. Therefore, all of the claims are dismissed because they were not filed within the three-year statute of limitations as required by state and federal law.

Because Jerry Marble cannot represent the other named Plaintiffs as a *pro se* litigant the other named Plaintiffs are not properly before the Court. See *Pridgen v. Andresen*, 113 F.3d 391 (2nd Cir. 1997). I agree with Judge Erickson that Cody and Blaine Marbles' claims should be dismissed without prejudice.

However, I disagree with Judge Erickson's recommendation that the Estate of Toni Marble should be dismissed with prejudice (as corrected in Judge Erickson's April 7, 2006 Order). Blaine Marble was a minor at the time the events occurred in 1999 and 2000. As noted, the Court does not know the identity of the proper personal representative of the Estate of Toni Marble. It may be Blaine Marble. If it were Blaine Marble the Montana Code Annotated considers his status as a minor a disability and grants him additional time to file claims on behalf of the Estate under the statute of limitations. Mont. Code Ann. § 27-2-401(1). Subsection 27-2-401(2) allows him 5 years from the time he

attains the age of majority to file suit on behalf of the Estate. In a point of caution, the Estate will be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that I adopt Judge Erickson's Findings and Recommendation as set forth above (dkt #45): Defendants' motion to dismiss (dkt #29) is GRANTED.

IT IS FURTHER ORDERED that 1) all claims brought by Plaintiff Jerry Marble are DISMISSED WITH PREJUDICE; 2) Cody Marble and Blaine Marble are DISMISSED WITHOUT PREJUDICE; and 3) the Estate of Toni Marble is DISMISSED WITHOUT PREJUDICE.

DATED this 20 day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court